George Balbacal ROJAS, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73899.
Agency No. A72–968–459.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 31, 2006.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

George Balbacal Rojas, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying his application for cancellation of removal. To

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Rojas failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929 (9th Cir.2005).

Rojas' contention that the agency deprived him of due process by failing to consider all the relevant factors when making its hardship determination is not supported by the record and does not state a colorable due process claim. *See id.* at 930 ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The IJ did not violate Rojas' due process rights by denying his motion for an indefinite continuance. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.